UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JDA SOFTWARE, INC.
14400 North 87th Street
Scottsdale, Arizona 85260,

        Plaintiff,

  v.                                                    Case No.:16-cv-24

BROAN-NUTONE, LLC
c/o its Registered Agent, Corporation Service Company
8040 Excelsior Drive
Suite 400
Madison, WI 53717,

        Defendant.

## COMPLAINT

Plaintiff JDA Software, Inc., by its attorneys, HANSEN REYNOLDS DICKINSON CRUEGER LLC, for its Complaint against Defendant Broan-NuTone, LLC alleges as follows:

### PARTIES

1.     Plaintiff JDA Software, Inc. ("JDA") is a Delaware corporation with its Global Corporate Headquarters located at 14400 N. 87th Street, Scottsdale, Arizona, 85260. JDA also maintains an office at 20700 Swenson Drive, Waukesha, Wisconsin. JDA provides integrated retail and supply chain planning and execution software solutions.

2.     RedPrairie Corporation ("RedPrairie"), was a Delaware Corporation which conducted substantial business from offices at 20700 Swenson Drive, Waukesha, Wisconsin, 53186. RedPrairie merged with JDA Software, Inc. in 2013. JDA is the successor in interest to RedPrairie's rights under contracts and agreements with Broan-NuTone, LLC.

3. Broan-NuTone, LLC ("Broan") is a Delaware limited liability company with the office of its registered agent located at 8040 Excelsior Drive, Madison, WI 53717 and its principal place of business located at 926 West State Street, Hartford, WI 53027.

## JURISDICTION AND VENUE

4. This is an action for copyright infringement and related claims brought by JDA against Broan for unauthorized use of JDA's copyrighted software.

5. This Court has original jurisdiction over this action pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a) because it involves a federal question of copyright infringement. This Court also has supplemental jurisdiction over related claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district under 28 U.S.C. § 1391 because the licenses of the copyrighted software at issue were negotiated and executed in Waukesha and Hartford, Wisconsin and JDA and Broan each maintain an office in the state of Wisconsin.

7. Pursuant to the relevant agreements, including the January 2, 2003 Software License Agreement and the October 10, 2008 Master Services Agreement all disputes are subject to the exclusive jurisdiction of the state or federals courts located in the State of Wisconsin.

## ALLEGATIONS COMMON TO ALL COUNTS

8. JDA provides highly rated warehouse management software products, used by hundreds of large, well respected companies.

9. JDA possesses numerous copyrights for warehouse management software, including Copyright Number TX0007607678, which covers versions of the software products licensed to Broan which are the subject of this lawsuit. JDA and its predecessor companies developed and licensed this software.

2

10. On or about January 2, 2003, Broan and RedPrairie entered into a Software License Agreement ("SLA") (attached hereto as **Exhibit A** and incorporated herein) providing Broan with a license to use the software products DLx® Warehouse/D, DLx® Labor, and DLx® Scorecard (collectively the "Licensed Software") in exchange for specified payments.

11. On or about October 10, 2008, Broan and RedPrairie entered into a Master Services Agreement ("MSA") (attached hereto as **Exhibit B** and incorporated herein) under which RedPrairie agreed to provide services to Broan related to the Licensed Software, in exchange for payment. Services rendered under the MSA are set forth in greater detail in a "Statement of Work."

12. On or about June 28, 2012, Broan and RedPrairie entered into "Amendment No. One to Software License Agreement and Master Services Agreement" ("Amendment One") (attached hereto as **Exhibit C** and incorporated herein).

13. Amendment One expanded and otherwise modified the terms of the SLA and MSA, including but not limited to, RedPrairie granting to Broan additional licenses to the Licensed Software (Section 2) and an agreement for Maintenance and Support Services (Section 5).

14. Under the Maintenance and Support Services section, Broan agreed to pay 18% of the License Fee, as well as 18% of any modification or subsequent expansions of the software licenses for the support and maintenance services provided by RedPrairie.

15. Also on or about June 28, 2012, Broan and RedPrairie executed Statement of Work 2011-001 Broan WMS and WFM Upgrade SOW ("SOW") (attached hereto as **Exhibit D** and incorporated herein).

16. Pursuant to the MSA, the SOW set forth the consulting services to be rendered by

3

RedPrairie to upgrade Broan's system from the Warehouse Management DLx® Labor software to the Workforce Management for Supply Chain Execution (WFM) software.

17. Under the SOW, Payment Milestones were set for the consulting work, based on completion of each phase of the project.

18. Relevant Payment Milestones include the RP Ownership phase, upon completion of which Broan would be invoiced $124,778.60, and completion of the Stage 2 Implementation Phase, upon which Broan would also be invoiced $124,778.60. (*See* Ex. D, p. 18-19)

19. On or about November 20, 2012, Broan and RedPrairie entered into Amendment No. Two to Software License Agreement ("Amendment Two") (attached hereto as **Exhibit E** and incorporated herein).

20. Under the terms of Amendment Two, RedPrairie granted additional licenses to Broan to use the Licensed Software. (Section 1 and 2). Broan also agreed to pay 18% of the License Fee for Maintenance and Support Services (Section 4).

21. On December 31, 2013 RedPrairie merged into JDA, and JDA thereby became the successor in interest to RedPrairie's rights and obligations under all prior agreements with Broan.

22. JDA performed the consulting services specified in the SOW to upgrade Broan's system.

23. JDA completed the RP Ownership phase by "going live" with the WMS software on February 17, 2014.

24. Broan executed the "Project Ownership Milestone Signoff" form on February 28, 2014 (attached hereto as **Exhibit F** and incorporated herein), indicating that all of the deliverables had been completed.

25. On or about March 5, 2014, JDA submitted invoice 302-15778 (attached hereto as

**Exhibit G** and incorporated herein) to Broan based upon the successful completion of the Payment Milestone signified by Broan's execution of the "Project Ownership Milestone Signoff" form (Ex. E).

26. Consistent with the terms of the MSA and the SOW, the invoice indicated that payment was due in 30 days.

27. The total amount due under this invoice was $124,778.60, which was due in full on April 4, 2014.

28. Broan did not pay invoice 302-15778 by the due date of April 4, 2014 and has not paid the invoice as of the date of this complaint.

29. Contractual interest of one and one-half percent (1.5%) per month has accrued on the unpaid invoice amount since April 4, 2014. (SLA, section 6.1.)

30. With interest, the total amount due under this invoice is $170,579.56.

31. On or about March 24, 2014 Broan and JDA entered into Amendment 3-A to Software License Agreement ("Amendment 3-A") (attached hereto as **Exhibit H** and incorporated herein).

32. Under the terms of Amendment 3-A, Broan acknowledged that JDA was the successor in interest to RedPrairie and agreed that all references to RedPrairie in prior agreements would now mean JDA.

33. Amendment 3-A replaced the terms of the Maintenance and Support Services Fees with an agreement that Broan would pay 20% of License Fees for Maintenance and Support.

34. On or about November 6, 2014, JDA submitted invoice 002-628652 (attached hereto as **Exhibit I** and incorporated herein) to Broan for Maintenance and Support of the

5

Warehouse Management software, which had 48 users.

35. The amount due was based upon 18% of the user's total license fees and amounted to $17,491.85.

36. Invoice 002-628652 indicated that payment was due immediately.

37. Broan did not timely pay invoice 002-628652, and has not paid the invoice as of the date of this complaint.

38. Contractual interest of one and one-half percent (1.5%) per month has accrued on the unpaid invoice amount since the due date.

39. With interest, the amount due under invoice 002-628652 is $21,868.87.

40. On or about November 24, 2014, JDA submitted invoice 002-629425 (attached hereto as **Exhibit J** and incorporated herein) to Broan for Maintenance and Support of the Parcel, Warehouse Labor Management, and Warehouse D software programs.

41. The invoice amount was based upon 20% of the user's total license fees and the total amount due was $129,446.18.

42. Invoice 002-629425 indicated that payment was due immediately.

43. Broan did not timely pay invoice 002-629425, and has not paid the invoice as of the date of this complaint.

44. Contractual interest of one and one-half percent (1.5%) per month has accrued on the unpaid invoice amount since the due date.

45. With interest, the amount due under invoice 002-629425 is $157,089.73.

46. On or about June 18, 2015, JDA submitted invoices 002-645996 and 002-645997 (attached hereto as **Exhibits K and L** and incorporated herein) to Broan for consulting services based upon the completion of the Stage 2 Implementation activities and training activities and for

6

transition to JDA support services respectively.

47. Consistent with the terms of the MSA and the SOW, the invoices indicated that payment was due in 30 days.

48. The total amount due under invoice 002-645996 was $124,778.60, and the amount due under invoice 002-645997 was $29,143.95, each due in full on July 18, 2015.

49. Broan did not pay invoices 002-645996 and 002-645997 by the due date of July 18, 2015 and has not paid the invoice as of the date of this complaint.

50. Contractual interest of one and one-half percent (1.5%) per month has accrued on the unpaid invoice amount since July 18, 2015. (SLA, section 6.1.)

51. With interest, the total amounts due under these two invoice are $136,438.32, and $31,867.26 respectively.

52. JDA provided hardware to Broan on or about October 26, 2015 and accordingly invoiced Broan for $400.00 under invoice 002-654392 (attached hereto as **Exhibit M** and incorporated herein).

53. The full amount of invoice 002-654392 was due on November 26, 2015 and has not been paid.

54. To date, Broan owes JDA the unpaid balance of $518,243.74 for Consulting and Maintenance.

55. On December 4, 2015, JDA provided Broan with notice that Broan was in material breach of the SLA and MSA and subsequent amendments due to Broan's failure to pay amounts due to JDA. JDA requested that Broan remedy the breach within thirty days of the notice.

56. Broan responded to the notice of material breach via letter, but refused to remedy

7

the material breach within the contractually required thirty days.

57. On January 6, 2016, JDA served notice of termination of the SLA and MSA and all maintenance and support of the Licensed Software. JDA's termination of the licenses for the Licensed Software was "effective immediately." Broan was ordered to "cease to use the Licensed Software immediately."

## COUNT I: COPYRIGHT INFRINGEMENT

58. JDA reasserts and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

59. Broan continues to use the Licensed Software after termination of the licenses.

60. Broan has unlawfully infringed upon JDA's copyrighted and licensed software and is thus liable pursuant to 17 U.S.C. § 504.

61. Broan's continued, unlicensed use of the Licensed Software is a willful infringement of JDA's copyright.

62. Broan is therefore liable to JDA for all damages available under the Copyright Act, including statutory or actual damages, profits attributable to Broan's infringement, and attorney fees and any other costs incurred in pursuing and litigating this matter.

63. JDA is further entitled to injunctive relief restraining Broan from continued infringing use of JDA's copyrighted materials (the Licensed Software).

## COUNT II: COMMON LAW BREACH OF CONTRACT

64. JDA reasserts and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

65. The SLA, MSA, SOW and Amendments to the SLA and MSA, individually and together, are legally enforceable contracts between JDA and Broan.

66. The obligations under the SLA, MSA, SOW and Amendments to the SLA and MSA, individually and together, bind the parties.

67. JDA performed its obligations under the SLA, MSA, SOW and Amendments to the SLA and MSA.

68. Broan breached the SLA, MSA, SOW and Amendments to the SLA and MSA by failing to pay invoices.

69. The unpaid balance of the invoices is $518,243.74.

70. As a direct and proximate cause of Broan's breach, JDA has wrongfully incurred and will continue to incur expenses, costs and losses in excess of $518,243.74, plus interests, costs, attorneys' fees, and expenses.

## **COUNT III: UNJUST ENRICHMENT**

71. JDA reasserts and incorporates by reference the preceding paragraphs of its Complaint as if fully set forth herein.

72. JDA performed its obligations under the SLA, MSA, SOW and Amendments to the SLA and MSA.

73. JDA has conferred a benefit upon Broan by JDA performing its obligations.

74. Broan benefited by JDA's performance.

75. Broan failed to pay JDA for its performance.

76. Broan has been unjustly enriched.

77. An inequity exists by virtue of Broan's receiving the benefit of JDA's performance without proper benefit to JDA.

78. As a direct and proximate cause of the unjust enrichment to Broan, JDA has wrongfully incurred and will continue to incur expenses, costs and losses in excess of

9

$518,243.74, plus interests, costs, attorneys' fees, and expenses.

## PRAYER FOR RELIEF

WHEREFORE, JDA requests:

A. A jury trial on all issues so triable;

B. A preliminary and permanent injunction against Broan from further infringing use of JDA's copyrighted software;

C. All allowable damages under the Copyright Act, including but not limited to statutory or actual damages due to Broan's copyright infringement;

D. Award any and all profits earned by Broan due to Broan's copyright infringement;

E. JDA's full costs, including litigation expenses, interest, and any other amounts authorized under law, and attorney fees incurred in bringing this action;

F. Entry of judgment against Broan due to breach of contract for the sum of $518,243.74;

G. Incidental and consequential damages, as well as any other relief authorized by law, including punitive and/or exemplary damages; and

H. Any such further relief as the Court deems just and appropriate.

## JURY TRIAL DEMANDED

10

Case 2:16-cv-00024-WED   Filed 01/07/16   Page 10 of 11   Document 1

Dated this 7th day of January, 2016.

                **HANSEN REYNOLDS DICKINSON CRUEGER LLC**

                By:  s/Krista K. Baisch
                      Krista K. Baisch, SBN 1050272
                      E-mail: kbaisch@hrdclaw.com
                      Andrew Kramer, SBN 1055182
                      E-mail: akramer@hrdclaw.com
                      316 N. Milwaukee St., Suite 200
                      Milwaukee, WI 53202
                      Telephone: (414) 455-0056
                      Telefax: (414) 273-8476

*Attorneys for Plaintiff JDA Software, Inc.*